**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SHO-AIR INTERNATIONAL, INC.; SEAN ROBERT RIVERS, and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD LAWSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT | CASE NUMBER:<br>*(Número del Caso):* 22STCV02412 |
|---|---|

Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

G. Amy Vahdat, Esq. 16255 Ventura Blvd. Ste 400, Encino, CA 91436 818-745-2974

**Sherri R. Carter Executive Officer / Clerk of Court**

| DATE:<br>*(Fecha)* 01/20/2022 | Clerk, by<br>*(Secretario)* Y. Tarasyuk | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Sho-Air International, Inc.**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

EX B - pg. 011

G. Amy Vahdat, Esq. (SBN: 242446)
Kevin M. Davis, Esq. (SBN:140075)
**VAHDAT & ABOUDI, APLC**
16255 Ventura Boulevard, Suite 400
Encino, California 91436
P: (818) 745-2974
F: (818) 745-2976
Email: litigation@valawfirm.com

Attorneys for Plaintiff, RICHARD LAWSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RICHARD LAWSON,<br><br>          Plaintiffs,<br><br>vs.<br><br>SHO-AIR INTERNATIONAL, INC.; SEAN ROBERT RIVERS, and DOES 1 to 50, inclusive,<br><br>          Defendant(s). | CASE NO. 22STCV02412<br><br>Dept.:<br>Judge:<br><br>**COMPLAINT FOR DAMAGES:**<br>     **1. NEGLIGENCE**<br><br>**Unlimited Jurisdiction – Civil**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, RICHARD LAWSON complains of the Defendants and each of them, and for a cause of action, alleges as follows:

### GENERAL ALLEGATIONS

1.      Plaintiff, RICHARD LAWSON (hereinafter "LAWSON" or "Plaintiff"), an individual, was at all times herein mentioned a resident of the County of San Bernardino, in the State of California at the time of the accident.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant SEAN ROBERT RIVERS (hereinafter referred to as "RIVERS," "Defendant" or collectively

1

**COMPLAINT FOR DAMAGES**

1   "Defendants"), an individual, was at all times a resident of the County of Orange, State of
2   California.

3         3.     Plaintiff is informed and believes, and thereon alleges, that Defendant SHO-AIR
4   INTERNATIONAL, INC. (hereinafter referred to as "SHO-AIR," "Defendant" or collectively
5   "Defendants"), is, and, at all times herein mentioned at the time of filing this lawsuit, a
6   corporation, with a principal place of business in the City of Jurupa, County of Riverside in the
7   State of California.

8         4.     The true names and capacities, whether individual, plural, corporate, partnership,
9   associates or otherwise of Defendants, DOES 1 to 50, inclusive, are unknown to Plaintiffs who,
10  therefore, sue said Defendants by such fictitious names.  The full extent of the facts linking such
11  fictitiously sued defendants is unknown to Plaintiff. Plaintiff is informed and believes and
12  thereupon alleges, that each of the defendants is unknown to Plaintiff.  Plaintiff is informed and
13  believes and thereupon alleges, that each of the Defendants designated herein as DOE was, and
14  is, negligently, or in some other actionable manner, responsible for the event and happenings
15  hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and
16  proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will
17  hereafter seek leave of the Court to amend this Complaint to show the defendants' true names
18  and capacities after the same have been ascertained.

19        5.     Plaintiff is informed and believes and thereupon alleges that at all times
20  mentioned herein, Defendants, and each of them, including DOES 1 to 50, inclusive, and each of
21  them, were agents, servants, employees, successors in interest, and/or joint venturers, of their co-
22  defendants, and were, as such acting within the course, scope and authority of said agency,
23  employment, successorship in interest, independent contractor relationship and/or venture, and
24  that each  and every defendant, as aforesaid, when acting as a principal, was negligent in the
25  selection and hiring of each and every other defendant as an agent, servant, employee, successor
26  in interest and/or joint venturer.

27        6.     At all times mentioned herein, Defendants DOES 1 to 50, are and were business
28  entities or other entities of unknown form or person(s) unknown. Said business entities are

1  authorized to do business and are doing business in the State of California. In addition, at all

2  times mentioned herein, defendants and DOES 1 to 50, ratified, allowed, and/or encouraged the

3  conduct of Defendants and each of them, through defendants' acts and/or omissions causing

4  Plaintiff's damages herein.

5      7.    Plaintiff is informed and believes and thereupon alleges that there exists at all

6  times herein mentioned, a unity of interest and ownership between defendants, and DOES 1 to

7  50, inclusive, completely controlled, dominated, managed, and operated defendants, to such an

8  extent that any individuality or separateness between these defendants, at all times herein

9  mentioned did not exist. There are a variety of interests between these defendants that, if they are

10  corporations, they are not separate, but commingle funds and otherwise fail to adhere to

11  corporate formulation and should be denied the fiction that separates them.

12      8.    Plaintiff is informed and believes that Defendant SHO-AIR is responsible for

13  Defendant RIVERS' conduct because he was the Defendant's employee. Defendant RIVERS

14  intentionally or carelessly created the impression that he was the agent or the employee of

15  Defendant SHO-AIR. Plaintiff LAWSON reasonably believed that Defendant RIVERS was

16  Defendant SHO-AIR's employee and/or agent. Plaintiff reasonably relied on his belief.

17      9.    This Court has jurisdiction over Plaintiff's claims because the amount in

18  controversy is in excess of the jurisdictional limits of this Court.

19      10.   Plaintiff is informed and believes and based thereon alleges that venue is properly

20  laid in this County and Judicial District because the address of where the incident occurred that is

21  the subject of this litigation, is located in this County and Judicial District.

22          **FIRST CAUSE OF ACTION**

23      **(For Negligence – As Against All Defendants)**

24      11.   Plaintiff re-alleges as though fully set forth at length and incorporates herein by

25  reference all of the allegations and statements contained in the previously mentioned paragraphs,

26  inclusive as though fully set forth herein.

27      12.   Plaintiff is informed and believes, and upon such information and belief alleges

28  that at all times herein mentioned, Defendants, SHO-AIR and DOES 1 to 50 were the registered

3
**COMPLAINT FOR DAMAGES**

EX B - pg. 014

1    owners and entrustors of a certain 2020 KenworthTruck Tractor bearing a License Plate Number

2    of AB18F09 ("Defendant Vehicle").

3          13.    Plaintiff is further informed and believe and upon such information and belief

4    alleges that Defendants, RIVERS and DOES 1 to 50, were operating Defendant Vehicle on or

5    about February 20, 2020, with the consent, permission and knowledge of Defendants, SHO-AIR

6    and DOES 1 to 50, and each of them.

7          14.    Plaintiff is further informed and believe and upon such information and belief

8    alleges Defendant RIVERS was an employee of Defendants SHO-AIR and DOES 1 to 50 and

9    operating the Defendant Vehicle in the course and scope of employment with Defendants SHO-

10   AIR, and DOES 1 to 50, and thus Defendants SHO-AIR, and DOES 1 to 50 are vicariously liable

11   for the negligence of Defendant RIVERS.

12         15.    On or about February 20, 2020, Plaintiff LAWSON was operating a certain white

13   2018 International LT Day Cab Truck Tractor bearing California License Plate Number 2713250

14   ("Plaintiff Vehicle"). Plaintiff LAWSON was operating Plaintiff Vehicle southbound on S.

15   Wilmington Avenue at or near the intersection of W. Victoria Street, City of Carson, CA 90220.

16         16.    At said time and place, the Defendants, and each of them, so negligently

17   entrusted, managed, maintained, drove and operated Defendant Vehicle southbound on S.

18   Wilmington Avenue, so as to proximately collide into Plaintiff Vehicle.

19         17.    The Defendant Vehicle operator/driver, Defendant RIVERS, acting within the

20   course and scop of their duties as an employee of Defendant SHO-AIR, and DOES 1 to 50,

21   carelessly and negligently operated, maintained, inspected, controlled and drove the Defendant

22   Vehicle such it collided into the Plaintiff Vehicle that Plaintiff LAWSON was lawfully operating

23   causing Plaintiff to be severely injured.

24         18.    Defendants RIVERS, SHO-AIR, and DOES 1 to 50, and each of them, carelessly

25   and negligently owned, operated, maintained, inspected, controlled their vehicle, including but

26   not limited to the subject Defendant Vehicle, and carelessly and negligently supervised,

27   performed work and selected, hired, engaged, retained and permitted Defendant RIVERS to

28   operate the subject Defendant Vehicle.

4

**COMPLAINT FOR DAMAGES**

19.     As a direct and proximate result of the said conduct of the Defendants, and each of them, Plaintiff LAWSON was hurt and injured in his health, strength and activity. Plaintiff is informed and believes and thereon alleges that said injuries will result in some future pain and suffering to Plaintiff.

20.     As a proximate result of the said conduct of the Defendants, and each of them, Plaintiff LAWSON was required to and did employ physicians and surgeons to examine, treat and care for him, and did incur medical and incidental expenses. Plaintiff is informed and believes and thereon alleges that he will be required to do so for some period in the future. The exact amount of such expenses is in excess of the jurisdiction of this Court and subject to proof at time of trial.

## PRAYER FOR RELIEF

21.     By reason of the foregoing allegations, Plaintiffs are entitled to and hereby prays for judgment for any and all prejudgment interest allowed pursuant to sections 3287 of the Civil Code of California, and any and all other interest allowed by law.

WHEREFORE, Plaintiffs pray Judgment against the Defendants, and each of them, as follows:

1. General damages in an amount to be proved at time of trial;
2. Special damages for hospitalization, x-ray, medical and sundry expenses as may be proved;
3. For prejudgment interest allowed pursuant to sections 3287 of the Civil Code of California, and any and all other interest allowed by law;
4. Loss of earnings and earning capacity, as may be proved;
5. Costs of suit incurred herein; and

///
///
//
///

5

**COMPLAINT FOR DAMAGES**

6.   For such other and further relief as this Court may deem just and proper.

VAHDAT & ABOUDI

Date:  1/20/2022                    By: _____
                                        G. Amy Vahdat, Esq.
                                        Kevin M. Davis, Esq.
                                        Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.


VAHDAT & ABOUDI

Date:  1/20/2022                    By: _____
                                        G. Amy Vahdat, Esq.
                                        Kevin M. Davis, Esq.
                                        Attorneys for Plaintiff

6
**COMPLAINT FOR DAMAGES**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **01/20/2022** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | **CASE NUMBER:** 22STCV02412 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Jill Feeney | 30 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _01/21/2022_
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EX B - pg. 018

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The Court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
C. ___ Alfano

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: 22STCV02412 )<br>) FIRST AMENDED STANDING ORDER ) RE:  PERSONAL INJURY PROCEDURES ) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

      DATE: _____07/06/2023_____ AT 10:00 A.M.

**TRIAL:**

      DATE: _____07/20/2023_____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

      DATE: _____01/16/2025_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1.        To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐   A7260 Product Liability (not asbestos or toxic/environmental)

☐   A7210 Medical Malpractice – Physicians & Surgeons

☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐   A7250 Premises Liability (e.g., slip and fall)

☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

1   90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2   **FILING OF DOCUMENTS**

3   2.       With the exception of self-represented litigants or parties or attorneys that have obtained

4   an exemption from mandatory electronic filing, parties must electronically file documents.

5   Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6   in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7   at www.lacourt.org (link on homepage).

8   **SERVICE OF SUMMONS AND COMPLAINT**

9   3.       Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.       The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.       The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.       Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1 FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)).  In selecting a new trial date,

2 parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3 may submit a maximum of two stipulations to continue trial, for a total continuance of six

4 months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5 noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6 trial will count toward the maximum number of allowed continuances.

7 **NO CASE MANAGEMENT CONFERENCES**

8 7.       The PI Courts do not conduct case management conferences.  The parties need not file a

9 Case Management Statement.

10 **LAW AND MOTION**

11 8.       Any and all electronically-filed documents must be text searchable and bookmarked.

12 (*See* operative General Order re Mandatory Electronic Filing in Civil).

13 **COURTESY COPIES REQUIRED**

14 9.       Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15 copies of certain documents must be submitted directly to the PI Court courtrooms at the

16 Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17 opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18 or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19 documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20 deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21 (C.R.C. Rule 3.1116(c)).

22 **RESERVATION HEARING DATE**

23 10.      Parties must reserve hearing dates for motions in the PI Courts using the Court

24 Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After

25 reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26 the reservation receipt number printed on the face page of the document under the caption and

27 attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28 online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

EX B - pg. 023

2020-SJ-002-00

Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not needlessly prepare tentative rulings for these matters.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC.

If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely.   However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse        EX B - pg. 024

2020-SJ-002-00

1    that complies with the notice requirements of the Code of Civil Procedure.

2    14.     Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3    www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4    in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor

5    must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6    LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7    as the last page. The opposing party may file and serve a responsive IDC form, briefly setting

8    forth that party's response, at least ten court days prior to the IDC.

9    15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10    resolve other types of discovery disputes.

11    **EX PARTE APPLICATIONS**

12    16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13    showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14    "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15    ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*

16    applications or to shorten time to add hearings to their fully booked motion calendars. The PI

17    Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18    danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

19    relief, the moving party should reserve the earliest available motion hearing date (even if it is

20    after the scheduled trial date) and file a motion to continue trial. Parties should also check

21    CRS from time to time because earlier hearing dates may become available as cases settle or

22    hearings are taken off calendar.

23    **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24    17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25    Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26    Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27    website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case

28    is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

Page 6 of 7

EX B - pg. 025

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.      Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.      The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.      Parties shall comply with the requirements of the PI Courts' operative Standing Order

10 Re Final Status Conference, which shall be served with the summons and complaint.

11 **JURY FEES**

12 21.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13 complaint (C. C. P. § 631, subd. (c)(2)).

14 **JURY TRIALS**

15 22.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17 will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18 Courtrooms.

19 **SANCTIONS**

20 23.      The Court has discretion to impose sanctions for any violation of this general order

21 (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24 Dated: _Feb. 24, 2020_

25 SAMANTHA P. JESSNER
   Supervising Judge of Civil Courts

26

27

28

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse